UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID GRATER, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-423 RM |
| ) | |
| SUPERINTENDENT CORRECTIONAL ) | |
| INDUSTRIAL FACILITY, ) | |
| ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

David Grater, a *pro se* prisoner, filed a petition seeking relief under 28 U.S.C. §2254 and a response to this court's order to explain why his petition was not untimely. Mr. Grater's petition states that the Indiana Court of Appeals affirmed the trial court judgment on direct appeal on May 9,1996, and that he did not seek review of that appeal to a higher court. His response to this court's order states that he filed his petition for post conviction relief on October 26, 2004, but it does not explain why his petition is not untimely. Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

>   review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Grater's statute of limitations began to run on May 9, 1996, and ended on May 10, 1997, one year after his appeal was affirmed because the statute was not otherwise tolled.

>   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, his petition here is DISMISSED because it is untimely.

   SO ORDERED.

   ENTERED: September  12 , 2006


                              /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United State District Court